## BILL WILSON v. STATE.

No. A-9123.   Feb. 19, 1937.
(65 Pac. [2d] 417.)

G. L. Bynum, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error was by information charged with the crime of murder, in the killing of J. L. Harbottle, in Okmulgee county, Okla., on the 26th day of February, 1934; was tried and convicted of manslaughter in the first degree, and sentenced to serve a term of four years in the state penitentiary, from which conviction the plaintiff in error has appealed to this court.

The appeal was filed in this court on April 22, 1936. The case was submitted on the record September 2, 1936, and plaintiff in error given ten days to file brief. The time for filing brief has long since expired, therefore the court assumes the appeal has been abandoned, or that the attorney representing plaintiff in error has reached the conclusion there are no errors in the record sufficient to warrant a reversal.

An examination of the record shows that deceased and the defendant met at the home of a friend, and after

visiting for some time a hair brush fell out of the pocket of the deceased, and the defendant remarked that he ought not to try to steal the woman's brush. Later on the deceased went out of the house. There is a conflict in the testimony as to what the deceased said as he was going out of the house; some of the witnesses stated he said he was going to get his gun; one other witness stated she did not hear him say anything.

During the time the deceased was in the house, the testimony shows the defendant had his knife in his hand; shortly after the deceased left the house the defendant followed him out, and in a few minutes came back in the house with blood on his hands and on his knife; he went to a pan of water and washed, and washed his knife, and made some remark about what he had done to the deceased. Later on it was learned the deceased died from the effects of the wounds inflicted upon him by the defendant.

The defendant's testimony is in substance the same as the other witnesses except that when he went out in the yard he states the deceased began hitting him with some kind of an iron weapon, and that he had to cut him to save his life. There was no eyewitness to the difficulty that occurred in the yard.

The record discloses that the defendant was without justification in taking the life of the deceased. An examination shows there were no fundamental or prejudicial errors committed by the trial court, and that the defendant was accorded a fair and impartial trial. There are no errors in the record warranting a reversal.

The judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.